UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALVERGIE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO:  1:20-cv-1157 |
| | ) |
| DAMAR SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Alvergie Rogers, brings this action against Defendant, Damar Services, Inc., for unlawfully violating her rights protected by the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621, et seq., the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

**PARTIES**

2. At all times relevant to this action, Rogers resided within the Southern District of Indiana.

3. Defendant Damar Services, Inc. is a corporation which does business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. §626, 42 U.S.C. § 12117 and 29 U.S.C. § 2617(a)(2).

5. Rogers was an "employee" as that term is defined by the ADEA, 29 U.S.C. §630(b) and the FMLA, 29 U.S.C. § 2611(2)(a), and an "eligible employee" under the ADA, 42 U.S.C. § 12111(4).

6. Plaintiff is an individual who has been regarded as having a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2).

7. Defendant is an "employer" as that term is defined by the ADEA, 29 U.S.C. §630(b), the ADA, 42 U.S.C. § 12111(5)(A) the FMLA, 29 U.S.C. § 2611(4)(a).

8. Rogers exhausted her administrative remedies by filing a charge numbered 470-2010-01296 with the U.S. Equal Employment Opportunity Commission against Defendant, and receiving the appropriate notice of suit rights. Rogers files the instant matter within ninety (90) days of receipt of said notice.

9. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Plaintiff Alvergie Rogers was hired by Defendant on or about June 16, 2003.

11. Rogers's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

12. Rogers was sixty-one (61) years of age at the time Defendant terminated her.

13. At all times relevant, Rogers was a Direct Care Staff member for Defendant in its "Community" operation.

14. At all times relevant, Rogers was a qualified individual with a disability, had a record of a disability, and/or was perceived and/or regarded as having a disability, placing her under the protection of the Americans With Disabilities Act (hereafter "ADA").

15. Rogers has a mental impairment that is neither transitory nor minor.

16. At all times relevant, Respondent was aware of Roger's disability. Rogers had previously taken medical leave for her disability in 2009.

17. Since January 1, 2018, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the facility at which Plaintiff worked.

18. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding January 1, 2018.

19. Plaintiff worked one thousand two hundred fifty (1,250) hours in the twelve (12) month period preceding August 17, 2018.

20. At all times relevant, Rogers has met or exceeded Respondent's legitimate performance expectations.

21. On or about August 16, 2018, Rogers and a co-worker were assisting two of their special needs clients when they had a positive experience with a police officer. The police officer showed the clients the lights on his motorcycle. Rogers's co-worker filmed this encounter on her cell phone.

22. Rogers' co-worker violated Defendant's policies by having her cell phone on her during work and recording video without specific authorization from management.

23. Rogers asked her co-worker not to distribute the video of the encounter, as she is not comfortable on camera and it can be triggering for her disability.

24. Despite Rogers' request, the coworker gave the video to Defendant's Vice-President of Marketing, who then disseminated it on Facebook and sent it to local news sites.

25. When Rogers discovered the video, it triggered a flareup of her disability, resulting in her visit to St. Vincent Hospital's Stress Center (hereafter "St. Vincent") and requiring medical leave from work.

26. Rick Torbeck, who is also a board member for Respondent, drove Rogers to the hospital and was supportive of her treatment and indicated that she would be welcomed back to work with her clients when she was ready to return.

27. Rogers requested and received FMLA leave for this flareup.

28. Rogers' request for and taking of medical leave under the FMLA leave constitutes protected activity under the FMLA and ADA.

29. When Rogers contacted Respondent's Human Resources Department to tell them she was planning on returning to work on October 1, 2018, Defendant's HR Representative, Tifini McClyde (hereafter "McClyde"), told Rogers they were "phasing out" full-time "Community" positions and that she would have a different position when she returned to work, in Defendant's "Campus" operation.

30. McClyde further told Rogers that her full-time employment position would end on January 11, 2019 and that she would be asked to take a position as an independent contractor, without employee benefits.

31. On January 10, 2019, Respondent terminated Rogers.

32. Upon information and belief, Defendant did not eliminate full-time "Community" positions, but rather replaced Rogers with a substantially-younger non-disabled full-time employee

who had not requested leave under the FMLA.

33. Defendant's adverse actions towards Rogers constitute discrimination and/or retaliation for her disability and/or engaging in protected activity, in violation of the ADA.

34. Similarly-situated younger employees, employees who were not perceived as disabled, and/or employees who had not engaged in protected activity have been treated more favorably than Rogers.

35. Rogers has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Age Discrimination

36. Rogers incorporates paragraphs one (1) through thirty-five (35) of her Complaint herein.

37. Defendant intentionally and willfully discriminated against Rogers because of her age.

38. Similarly-situated younger employees have been treated more favorably than Rogers in discipline.

39. The reasons put forth by Defendant for terminating Rogers are pretextual.

### Count II: Disability Discrimination

40. Plaintiff hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint.

41. Defendant unlawfully terminated Rogers because of Rogers' disability and/or because she requested an accommodation for her disability.

42. Defendant's stated reasons for terminating Rogers are pretextual.

43. Defendant's discrimination against Rogers was done in reckless disregard for Rogers's federally protected rights.

44. Actions of Defendant caused Rogers both emotional and economic harm.

45. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### Count III: FMLA Violations

46. Rogers incorporates all of the allegations set forth in paragraphs one (1) through forty-five (45) of this Complaint.

47. Rogers properly notified Defendant of her need for leave for FMLA-qualifying reasons.

48. Defendant interfered with Rogers ability to exercise her rights under the FMLA.

49. Defendant unlawfully discriminated against and retaliated against Rogers in violation of the FMLA.

50. Defendant terminated Rogers in retaliation for her attempts to exercise her rights under the FMLA.

51. Retaliation by Defendant against Rogers violated the FMLA, 29 U.S.C. §2615(a) by discriminating against her due to her attempts to exercise her rights under the FMLA.

52. Actions by Defendant were intentional, willful, done in bad faith, and in reckless disregard of Rogers' federally protected rights under the FMLA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Alvergie Rogers, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADEA, ADA, and the FMLA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. Liquidated damages for intentional violations of the ADEA;

6. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:  (317) 955-9500
Facsimile:  (317) 955-2570
E-Mail:  jhaskin@jhaskinlaw.com
E-Mail:  plogan@jhaskinlaw.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Alvergie Rogers, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail:        jhaskin@jhaskinlaw.com
E-Mail:        plogan@jhaskinlaw.com